UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CYRANO ONEIL and
TERESA ONEIL, his wife,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.
    _____/

## COMPLAINT

Plaintiff, CYRANO ONEIL and TERESA ONEIL, his wife, by undersigned counsel, sue the Defendant, UNITED STATES OF AMERICA, and alleges:

### JURISDICTIONAL STATEMENT AND IDENTIFICATION OF PARTIES

1. This is a claim against the United States of America for money damages for injuries caused by the negligence or wrongful acts or omissions of employees, agents, and servants of Jessie Trice Community Health Center, Inc. located at 5361 N.W. 22 Avenue, Miami-Dade County, Florida 33142 (hereafter referred to as "JESSIE TRICE").

2. Jurisdiction is based on 28 U.S. C. § 1331 [Federal Question], and pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, et seq.

3. Venue is proper in the Miami Division of the Southern District of Florida pursuant to 28 U.S.C. §1391(e)(1) because Plaintiff was treated within this judicial district (i.e. Miami-Dade County, Florida) at JESSIE TRICE.

4. Pursuant to the Federally Supported Health Centers Assistance Act of 1992, Public Law 102-501, 42 U.S.C. § 233(g), and the amended Federally Supported Health Centers Assistance Act of 1995, Public Law 104-73, 42 U.S.C. § 201, the Federal Tort Claims Act is the exclusive

- 2 –

remedy for injuries, including death, caused by employees of a deemed community health center. JESSIE TRICE is a health center that was originally deemed eligible for Federal Tort Claims Act coverage on January 1, 2012. As a result, JESSIE TRICE and its providers are Federal employees for purposes of a claim alleging medical malpractice.

5. Defendant, United States of America, by and through its employees, agents and servants, rendered medical care to Plaintiff, CYRANO ONEIL, from May 24, 2004 through October 5, 2012 at JESSIE TRICE, which is an agency of Defendant, United States of America.

6. Physicians, nurses, employees and agents of JESSIE TRICE provided all care and treatment that CYRANO ONEIL received at JESSIE TRICE.

## COMPLIANCE WITH CONDITIONS PRECEDENT

7. This action has been commenced against the United States of America within six months after the right of action first accrued. Plaintiff has complied with the requirements of 28 U.S.C. § 2401 by presenting a claim in writing to the appropriate deferral agency within two years after the claim occurred. Specifically, the claim was received by the Department of Health and Human Services, Office of General Counsel in Washington D.C. on April 1, 2014 as acknowledged by their letter dated April 17, 2014 to the undersigned counsel. The claim was also received by JESSIE TRICE on April 16, 2014. The Defendant has failed to deny the claim within six months of the date that the notice of claim was sent. Therefore, the Plaintiffs have complied with any and all conditions precedent to the maintenance of this lawsuit including 28 U.S.C. § 2401 and § 2675.

## FACTS GIVING RISE TO CAUSE OF ACTION

8. Mr. O'Neil was a patient at Jessie Trice for several years prior to the negligence, and was primarily being seen by Dr. Norori.

- 3 –

9. He had a past medical history of a bladder lesion in which he underwent surgery to remove in 2007.

10. In 2009 and 2010, Mr. O'Neil once again started to present with concerning symptoms of a potential serious urological process.

11. Specifically, he was complaining of hematuria.

12. He also had several abnormal urinalysis.

13. The standard of care required Dr. Norori to do the following in this case: (1) make a proper differential diagnosis of a potential urological process, (2) order the appropriate tests to further evaluate and diagnosis his abnormalities, and (3) timely refer Mr. O'Neil to an Urologist for further workup.

14. From 2009 to 2012, Mr. O'Neil returned to Jessie Trice several times for the conditions mentioned above, however, for reasons unknown the proper diagnostic workup was not complete, and a referral to an Urologist was never ordered.

15. Believing that he was not getting the proper attention at Jessie Trice, Mr. O'Neil presented to South Florida Urgent Care on August 14, 2012 because of his continuous complaints.

16. An ultrasound of the bladder was performed, and the presence of a potential underlying mass was identified.

17. A cystoscopy was then performed, and multiple lesions taking up a large percentage of his bladder were identified.

18. Mr. O'Neil was diagnosed with an advanced stage of bladder cancer with metastatic spread.

## **COUNT I – NEGLIGENCE**

19. Plaintiff adopts and re-alleges paragraphs 1 through 18 above and further alleges the following:

20. Defendant, United States of America, by and through its employees, agents, and servants, in providing medical treatment to CYRANO ONEIL at JESSIE TRICE, had and undertook the duty to provide medical care and treatment in accordance with that level of care and skill which is recognized as acceptable and appropriate by reasonably prudent, similar health care providers in the same or similar community.

21. Notwithstanding this duty, Defendant, United States of America, by and through its employees, agents and servants, breached its duties in one or more of the following ways:

   a. Failed to properly monitor CYRANO ONEIL;

   b. Failed to recognize CYRANO ONEIL's worsening condition;

   c. Failed to make a differential diagnosis;

   d. Failed to refer CYRANO ONEIL to a urologist;

   e. Failed to perform an ultrasound;

   f. Failed to assess and treat CYRANO ONEIL's worsening condition;

   g. Other acts of negligence yet to be determined.

22. As a direct and proximate result of the negligence of the Defendant, United States of America, by and through its employees, agents, servants and representatives, there was a delay in the diagnosis and treatment of CYRANO ONEIL's cancer.

23. As a result, CYRANO ONEIL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, psychological injury, psychiatric injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, and

- 5 –

medical care and treatment. The losses are either permanent and/or continuing in nature and Plaintiff will suffer loss and impairment in the future.

WHEREFORE, CYRANO ONEIL demands judgment for compensatory and economic damages against the USA together with all costs, interest as provided by law, and such other and further relief as the Court deems proper.

### COUNT II - DERIVATIVE ACTION OF SPOUSE AS TO NEGLIGENCE

24. TERESA ONEIL adopts and re-alleges the allegations in paragraphs 1 through 24, as if fully set forth herein and alleges as follows:

25. At all times material hereto, TERESA ONEIL was and is the lawful spouse of CYRANO ONEIL.

26. As a direct and proximate result of the foregoing negligence of the USA, TERESA ONEIL has in the past and will in the future suffer loss of her husband's services, support, comfort, society and attention. Said damages are continuing and/or permanent in nature.

WHEREFORE, TERESA ONEIL demands judgment for compensatory damages against the USA together with all costs, interest as provided by law, and such other and further relief as the Court deems proper.

### COUNT III - VICARIOUS LIABILITY

27. Plaintiff re-alleges and reaffirms all of the allegations contained in paragraphs 1 through 24 above and further alleges the following:

28. Any and all physicians, nurses, technicians and healthcare providers who participated in the care and treatment of CYRANO ONEIL at JESSIE TRICE were actual agents of JESSIE TRICE and at all times material hereto, were acting within their scope of their agency relationships with JESSIE TRICE.

- 6 –

29. JESSIE TRICE held out all physicians, nurses, technicians and healthcare providers who participated in the care and treatment of CYRANO ONEIL, as its agents, never informing CYRANO ONEIL otherwise and never informing him that the United State of America and/or JESSIE TRICE took no responsibility for the actions of physicians, nurses, technicians and healthcare providers at JESSIE TRICE. CYRANO ONEIL accepted treatment from physicians, nurses, technicians and healthcare providers at JESSIE TRICE, believing that such treatment was provided by JESSIE TRICE.

30. JESSIE TRICE entered into an implied contract with CYRANO ONEIL for the delivery of healthcare services in accordance with the accepted standard of care when she received any/all treatment at JESSIE TRICE. JESSIE TRICE's duty to provide non-negligent care was non-delegable, and JESSIE TRICE undertook to deliver the necessary medical care through physicians, nurses and other healthcare providers at their facility.

31. Defendant, United States of America, is therefore liable for the negligence of the physicians, nurses, technicians and healthcare providers at JESSIE TRICE who provided care to CYRANO ONEIL as alleged in Count I.

32. As a direct and proximate result of the foregoing negligence of the Defendant, CYRANO ONEIL suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, psychological injury, psychiatric injury, severe scarring, embarrassment and humiliation, loss of capacity for the enjoyment of life, and medical care and treatment. The losses are either permanent and/or continuing in nature and Plaintiff will suffer loss and impairment in the future.

WHEREFORE, Plaintiff, CYRANO ONEIL, demands judgment against the United States of America for all damages and other relief together with all costs, interest as provided by law, and such other and further relief as the Court deems proper.

### COUNT IV - DERIVATIVE ACTION OF SPOUSE AS TO NEGLIGENCE

33. TERESA ONEIL adopts and re-alleges the allegations in paragraphs 1 through 24 and 27 through 32, as if fully set forth herein and alleges as follows.

34. At all times material hereto, TERESA ONEIL was and is the lawful spouse of CYRANO ONEIL.

35. As a direct and proximate result of the foregoing negligence of the USA, TERESA ONEIL has in the past and will in the future suffer loss of her husband's services, support, comfort, society and attention. Said damages are continuing and/or permanent in nature.

WHEREFORE, TERESA ONEIL demands judgment for compensatory damages against the USA together with all costs, interest as provided by law, and such other and further relief as the Court deems proper.

Dated: February 13, 2015

Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
*Counsel for Plaintiffs*
Museum Tower – PH 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By: */s/ Herman J. Russomanno III*
Herman J. Russomanno (Fla. Bar No. 240346)
hrussomanno@russomanno.com
Robert J. Borrello (Fla. Bar No. 764485)
rborrello@russomanno.com
Herman J. Russomanno III (Fla. Bar No. 21249)
herman2@russomanno.com
Christopher S. Russomanno (Fla. Bar No. 14657)
chris@russomanno.com